IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOIDY TANG, individually and on behalf of the classes defined herein, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NATIONWIDE CREDIT AND COLLECTION INC, | ) ) |
| Defendant. | ) |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Loidy Tang ("Plaintiff"), brings this action individually and on behalf of two classes defined herein against Defendant Nationwide Credit and Collection Inc ("Defendant").

2. Plaintiff alleges that Defendant used a predictive dialer accompanied with a prerecorded voice message that also contained an automated voice and delivered at least one such message to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

      a.      Plaintiff resides in the District;

      b.      Defendant transacts business in the District via the telephone lines; and

      c.      Defendant is located within the District.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Defendant is organized under the laws of Illinois with its corporate headquarters located at 815 Commerce Drive, Ste. 270, Oak Brook, IL 60523. Its registered agent and his name is Robert B Tanlan, 233 W. Jackson Blvd., Ste. 512, Chicago, IL 60606.

## FACTS

7. Defendant uses Noble System's Predictive Dialer ("Defendant's Predictive Dialer").

8. Defendant's Predictive Dialer enables Defendant to increase its outbound call volume by auto dialing telephone numbers without the need for a human to manual dial each digit of a person's phone number.

9. Defendant's Predictive Dialer is capable of dialing debtors' telephone numbers without human intervention and can deliver an automated prerecorded message with text-to-speech customization, which can, for example, insert the person's name of whom Defendant was trying to reach into the message.

10. On information and belief, Defendant as part of its business practice will skip-trace certain debtors in an attempt to obtain update or additional

2

information such as telephone numbers. On information and belief, Defendant skip-traced the debtor associated with its reference number 011010063506 and obtained a telephone number ending with the last four digits 8483

11. Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-8483. The first seven digits of Plaintiff's cellular telephone number are redacted herein due to privacy considerations.

12. Plaintiff received on her cellular telephone several prerecorded messages in the form as follows:

> This message is for (Pause – Different Voice) <u>Lelanda Buzzby</u> (Phonetic). If you are not (Pause – Different Voice) <u>Lelanda Buzzby</u> (Phonetic) please hang up or disconnect. If you are (Pause – Different Voice) <u>Lelanda Buzzby</u> (Phonetic) please continue to listen to this message without the presence of others as it contains personal and private information. There will now be a pause in this message to allow you to listen to this message in private. By continuing to listen to this message you acknowledge that you are (Pause – Different Voice) <u>Lelanda Buzzby</u> (Phonetic). This is Nationwide Credit and Collections. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office at (Pause – Different Voice) <u>630 528-5305</u> with reference number (Pause – Different Voice) <u>011010063506</u>. During our regular business hours of Monday through Thursday from 8:30 a.m. to 8:00 p.m., Friday from 8:00 a.m. to 4:00 p.m., and Saturday from 8 a.m. to 12 p.m. Thank you.

13. The pauses with the different voice noted above and the underlined text above noted in the message is text-to-speech customization that inserted that information into the prerecorded message.

14. Plaintiff has no relationship with defendant and does not know who Lelanda Buzzby (Phonetic) is.

15. The telephone number (630) 528-5305 is a number used by Defendant.

16.    In regards to the account, reference number 011010063506 Defendant's Predictive Dialer placed phone calls to a telephone number ending with the last four digits 8483 on, at a minimum, the following dates:

   a.    January 17, 2012;

   b.    January 18, 2012;

   c.    January 19, 2012;

   d.    January 24, 2012;

   e.    January 30, 2012;

   f.    February 7, 2012;

   g.    February 10, 2012; and

   h.    February 14, 2012.

17.    Each phone call noted above was placed by Defendant's Predictive Dialer.

18.    On or about May 25, 2012, Plaintiff called Defendant at the (630) 528-5305 telephone number.

19.    The number (630) 528-5305 does not go directly to a live operator, it goes to an automated prompt requiring the called to input information before being transferred to a live operator.

20.    On or about May 25, 2012, Plaintiff spoke with an employee of Defendant and informed the employee that Defendant was dialing a wrong number.

### COUNT I - TCPA VIOLATION

21.    Plaintiff incorporates paragraphs 1-20 above.

22.    The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

4

    (b) Restrictions on use of automated telephone equipment.
        (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
            (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
        * * *
            (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

23. Defendant's phone calls to Plaintiff's cellular telephone number without her prior express consent using an automatic telephone dialing service with an artificial and prerecorded voice was unlawful.

**CLASS ALLEGATIONS**

24. Plaintiff brings this class action seeking damages on behalf of two classes pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

25. The Wrong Number class consists of: (a) all natural persons with a cellular telephone number (b) that were called by Defendant (c) using its predictive dialer (d) where Defendant's records show that the telephone number has been designated as a wrong number (e) for a time period beginning four years prior to the filing of this lawsuit to February 14, 2012.

26. The Skip Trace class consists of: (a) all natural persons with a cellular telephone number (b) that were called by Defendant (c) using its predictive dialer (d) where Defendant's records show that the telephone number was obtained via skip tracing (e) for a time period beginning four years prior to the filing of this lawsuit to February 14, 2012.

5

27. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members.

28. The predominant question for the Wrong Number class is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice who are not the person who contracted for and is obligated to the underlying debt Defendant was trying to collect, violates the TCPA.

29. The predominant question for the Skip Trace class is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice whose telephone number was not provided to the original creditor violates the TCPA.

30. Plaintiff's claims are typical of the claims of each of the classes' members in that the alleged violations are all based on the lack of prior express consent.

31. The class is so numerous that joinder of all the members is impractical.

38. On information and belief there are 40 persons who are identified by each class definition above.

39. Plaintiff will fairly and adequately represent the members of the class.

40. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

41. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical; and

      c.      The Class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment against Defendant for:

      (1)      Appropriate statutory damages; and

      (2)      Costs of litigation; and

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 9005
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE OF LIEN**

Please be advised that the Warner Law Firm, LLC claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 9005
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff, defendant's file associated with the reference number 011010063506 and all information related to the putative class members, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 9005
Chicago, Illinois 60601
(312) 238-9820 (TEL)